IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ERNESTO MONCADA,

       Plaintiff,

vs.                                                     No.  CIV 00-531  MV/KBM

BASILA PRODUCE COMPANY, INC.,
and JHETT BROWNE,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's Motion to Dismiss, filed July

10, 2000 **[Doc. No. 2]**.  The Court, having considered the motion, response, reply, relevant law

and otherwise being fully informed, finds that the motion is not well taken and will be **denied.**

## FACTUAL BACKGROUND

Plaintiff filed his complaint alleging violations of the Perishable Agricultural Commodities

Act of 1930, 7 U.S.C. § 499(a) et seq ("PACA").  In his complaint, Plaintiff alleges that he is a

grower of fresh green chile, Defendant Basila Produce is a perishable agricultural commodity

commission merchant, dealer, and/or broker pursuant to 7 U.S.C. § 499(a), and Defendant Jhett

Browne is an officer, director and/or employee of Basila Produce.  Plaintiff and Defendants

entered into an agreement for the sale of fresh green chile, but Plaintiff claims that defendant

breached the agreement in several ways.  Plaintiff alleges that Defendants violated PACA by

failing to make payment under the terms of the sale, and therefore engaged in unlawful conduct contrary to 7 U.S.C. § 499(b)(4). Plaintiff claims that Defendants are liable to Plaintiff for the full amount of damages pursuant to 7 U.S.C. § 499(e)(a). Plaintiff asserts that jurisdiction is proper pursuant to 7 U.S.C. §§ 499(e)(b) and 499(e)(c)(4).

Defendants claim that this Court does not have diversity jurisdiction because all parties are residents of New Mexico. Defendants further claim that 7 U.S.C. § 499(e)(b) does not confer subject matter jurisdiction upon the United States District Court in matters that do not qualify as actions to enforce the trust established under 7 U.S.C. § 499(e)(c). Defendants claim that this action cannot qualify as an action to enforce the trust because Plaintiff has not properly preserved any trust benefits. In their reply, Defendants further challenge Plaintiff's complaint on the grounds that it is not well-pleaded and that it does not state a claim against Mr. Bowers.

## STANDARD OF REVIEW

Federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so. *Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994). "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). The party seeking to invoke a federal court's jurisdiction sustains the burden of establishing that such jurisdiction is proper. *Penteco Corp. v. Union Gas System, Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991).

Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction typically take two forms: a facial challenge or a factual challenge. *Holt v. United States*, 46 F.3d 1000, 1002 (10th

Cir. 1995). A facial challenge is an attack on jurisdiction that questions the sufficiency of the complaint. *Id.*  In reviewing a facial attack on a complaint, the court must accept the allegations in the complaint as true. A factual attack on subject matter jurisdiction challenges the facts upon which subject matter jurisdiction depends. *Id.*  In reviewing a factual attack on subject matter jurisdiction, a court may not presume the truthfulness of the complaint's factual allegations but must go beyond the allegations and evaluate the evidence presented by the parties. *Id.*  While the court may refer to evidence extraneous to the complaint in making appropriate factual findings on jurisdictional issues, it generally cannot convert a 12(b)(1) motion into one for summary judgment.  *See Wheeler v. Hurdman,* 825 F.2d 257, 259 (10th Cir. 1987).

       Under Fed.R.Civ.P. 12(b)(6), a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief.  *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). In making this determination, the Court accepts as true all factual allegations of the Complaint and construes the Complaint in a light most favorable to plaintiff.  *Id.*  A complaint may not be dismissed for failure to state a claim upon which relief may be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle him to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102, 2 L.Ed.2d 80 (1957);  *Grider v. Texas Oil & Gas Corp.*, 868 F.2d 1147, 1148 (10th Cir.1989), *cert. denied*, 493 U.S. 820, 110 S.Ct. 76, 107 L.Ed.2d 43 (1989).  The issue in reviewing the sufficiency of a complaint is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims.  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**ANALYSIS**

Defendants' claims in its motion are wholly without merit.  Defendant asserts that Plaintiff's complaint does not assert diversity jurisdiction, subject matter jurisdiction, and does not state a claim upon which relief can be granted as an action to enforce the trust established under 7 U.S.C. §499(e)(c)(5).  Plaintiff does not assert jurisdiction based upon diversity or as an action to enforce the trust established under 7 U.S.C. § 499(e)(c)(5).[1]  Rather, Plaintiff asserts jurisdiction under 7 U.S.C. § 499e(b), and that this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.  That section provides that "the district courts shall have original jurisdiction of all civil actions arising under the constitution, laws, or treaties of the United States."  The only issue is whether 7 U.S.C. §499 confers subject matter jurisdiction on this Court.  This Court unequivocally finds that it does.

Plaintiff's complaint under Count I arises from violations of 7 U.S.C. § 499 et seq., a federal statute.  The provisions of PACA under which Plaintiff brings suit confer jurisdiction on this Court.  Congress enacted the PACA in 1930 and amended it in 1984 "to encourage fair trading practices in the marketing of perishable commodities."  *In re Magic Restaurants, Inc.*, 205 F.3d 108, 110 (3rd Cir. 2000); *Sunkist Growers, Inc. v. Fisher*, 104 F.3d 280, 282 (9th Cir. 1997); *Frio Ice, S.A. v. Sunfruit, Inc.*, 918 F.2d 154, 155-56 (11th Cir.1990).  To facilitate this goal, the PACA prohibited produce dealers from, in part, mislabeling the quantity of goods sold, rejecting or failing to deliver goods in accordance with the terms of a contract, discarding

---

[1]  In paragraph 5, page 2 of Plaintiff's complaint, Plaintiff states that jurisdiction is proper pursuant to 7 U.S.C. § 499e(c)(4).  §499e(c) is the section that deals with the trust account.  Plaintiff has not pleaded any facts relating to a trust account, and the Court assumes that the reference to this statute was a typographical mistake.  Plaintiff elsewhere in his complaint states that he is suing Defendants based upon 7 U.S.C. §§ 499e(b) and 499(b)(4).  Those statutes correlate with the facts as pleaded in Plaintiff's complaint.  Plaintiff has leave to, and should, amend his complaint to correct these errors.

perishable goods without cause, and misleading buyers about the nature of goods sold. *See generally* 7 U.S.C. § 499(b). PACA also imposes liability for a buyer's failure to tender prompt payment. Such a violation triggers civil liability and the possible revocation of the buyer's PACA license required by 7 U.S.C. § 499c. *See* 7 U.S.C. §§ 499e(a) and 449h(a). Payment is prompt "for produce purchased by a buyer, within 10 days after the day on which the produce is accepted," 7 C.F.R. § 46.2(aa)(5), unless the parties have agreed, in writing and before entering into the transaction, to different payment terms. *See* 7 C.F.R. § 46.2(aa)(11). Any party aggrieved by a produce dealer that fails to follow the statutory obligations set forth in 7 U.S.C. § 499(b) is entitled to bring suit in any court of competent jurisdiction and receive appropriate damages. *See* 7 U.S.C. § 499e(b).

Defendants' claims in its reply are likewise meritless. Defendants assert that Plaintiff's complaint is not well-pleaded and that Plaintiff has not stated a claim against Jhett Browne. The only deficiency in Plaintiff's complaint is that Plaintiff may have cited an incorrect statute provision in one paragraph of his complaint. Technical errors in a pleading are not fatal. *See* 2 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 12.34[1][b] at 12-63 n.15 (3d Ed. 2000). The Court finds that Plaintiff's complaint is well-pleaded and provides fair notice of his claims and the grounds on which his claims rest. Plaintiff states that jurisdiction lies pursuant to 7 U.S.C. §499e(b). In paragraph 12, page 3 of his complaint, Plaintiff further state that Defendants have engaged in unlawful conduct under 7 U.S.C. § 499(b)(4). Plaintiff's factual allegations directly and clearly state a violation of the relevant provisions of PACA. The Court finds no fatal or substantive deficiencies in Plaintiff's complaint. The Court finds absolutely no foundation for Defendants' contention that the complaint is "utterly devoid of any reference to the provision of

[PACA] or any other federal statute that imposes a duty upon the Defendants to act in any particular manner."  Reply at 3.

The Court further disagrees with Defendants that "any fair reading of the Mr. [sic] Moncada's Complaint reveals that it is essentially a state law breach of contract action." Defendants' Reply at 3.  Plaintiff clearly alleges a violation of PACA.  PACA itself creates a federal remedy for breaches of contract between a buyer and grower engaged in interstate commerce.  In doing so, PACA provides a remedy to small farmers and growers who were vulnerable to sharp practices of financially irresponsible and unscrupulous brokers in perishable commodities. *See Chidsey v. Geurin*,  443 F.2d 584 (6th Cir. 1971); *O'Day v. George Arakelian Farms, Inc.*, 536 F.2d 856 (9th Cir. 1976).  Congress enacted PACA to protect the producers of perishable agricultural products who in many instances must send their products to a buyer or commission merchant thousands of miles away; it was enacted to provide a measure of control over a branch of industry which is almost exclusively in interstate commerce, is highly competitive, and presents many opportunities for sharp practice and irresponsible business conduct.  *See Golman-Hayden Co., Inc. v. Fresh Source Produce Inc.*, 217 F.3d 348, 351 (5th Cir. 2000); *Allred's Produce v. U.S. Dept. of Agriculture*, 178 F.3d 743, 745 (5th Cir. 1999) (citing *Zwick v. Freeman*, 373 F.2d 110, 116 (2d Cir. 1967)).

Finally, this Court finds that Defendants' challenge to this Court's jurisdiction over Mr. Browne is equally unfounded.  An officer, director, or holder of more than ten percent of the stock of a corporation licensed under the PACA is presumed, pursuant to § 499a(b)(9) of the PACA, to be "responsibly connected" to that corporation. *See* 7 U.S.C. § 499a(b)(9).  Someone who is "responsibly connected"  with a violator of PACA is barred from employment with any

6

other licensee under the Act for one year.  *See* 7 U.S.C. § 499h(b).  Someone who is "responsibly connected" with a violator may also be personally liable for a buyer's failure to comply with the PACA trust provisions.  *See, e.g., Golman-Hayden*, 217 F.3d at 351-52; *Sunkist Growers,* 104 F.3d at 283 (listing cases).

Plaintiff has alleged in paragraph four of his complaint that Mr. Browne is an officer, director and/or employee of the Basila Produce Company.  Further, the Agreement and the Amendment to the Agreement between Basila Produce Company and the Plaintiff is signed by Mr. Browne, indicating that he was more than nominally involved.  *See* 7 U.S.C. § 499a(b)(9), as amended by Pub.L. No. 104-408, § 12(a), 109 Stat. 430 (Nov. 15, 1995) ("A person shall not be deemed to be responsibly connected if the person demonstrates by a preponderance of the evidence that the person was not actively involved in the activities resulting in a violation of this chapter and that the person either was only nominally a partner, officer, director, or shareholder of a violating licensee or entity subject to license or was not an owner of a violating licensee or entity subject to license which was the alter ego of its owners."); *see also Hart v. Department of Agriculture*, 112 F.3d 1228, 1231 (D.C. Cir. 1997) ("In order to prove that one was only a nominal officer or director, one must establish that one lacked any 'actual, significant nexus with the violating company' and, therefore, neither 'knew [n]or should have known of the [c]ompany's misdeeds.') (citations omitted).  Therefore, the Court finds that Defendants' claim that Plaintiff has not stated a claim upon which relief can be granted against Mr. Browne is without merit.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss **[Doc. No. 2]** is

hereby **denied.**

Dated this 2nd day of July, 2001.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE

<u>Attorney for Plaintiff</u>
Herman E. Ortiz

<u>Attorney for Defendant</u>
John A. Darden, III
Robert C. (Kip) Martin